### SURGI v. McDONOUGH MOTOR EXPRESS, Inc.

### No. 16993.

Court of Appeal of Louisiana. Orleans.

April 10, 1939.

A. Giffen Levy and Louis E. Jung, both of New Orleans, for appellant.

Holmes & Ferguson, of New Orleans, for appellee.

JANVIER, Judge.

William F. Surgi is engaged in business in New Orleans in the sale of electrical equipment and supplies. He alleges that, on November 27, 1937, he delivered to McDonough Motor Express, Inc., a common carrier by motor-truck, certain electrical equipment which he had sold to Delos J. Passman, doing business as Passman Construction Company in Wahala, Mississippi; that the value of the equipment sold was $301.80; that he has remitted $1.80 in order to give jurisdiction to the First City Court of New Orleans, and that he has never been able to obtain from the defendant truck line proof that the merchandise shipped was delivered to the consignee. He seeks judgment for $300 against the said McDonough Motor Express, Inc., on the theory that its failure to produce evidence

of the delivery has made it impossible for him to recover from Passman the purchase price of the equipment.

The petition was filed on March 15, 1938, and judgment by default was rendered on March 29, 1938, which, counsel concede, was the earliest day on which it might have been rendered. On March 31 defendant filed motion for a new trial and later filed answer. The new trial was refused and defendant has appealed, contending that, in the first place, a new trial should have been granted for the reason that it is obvious from the allegations of the petition for new trial that substantial justice has not resulted, and, in the second place, that there is not in the record sufficient proof to form the basis of the judgment rendered.

■■■■■ It is conceded that great discretion vests in the trial court in considering applications for new trial and that an appellate court should not interfere with this discretion unless there has been an obvious miscarriage of justice. The record contains evidence which justifies the belief that there is a grave possibility that an injustice will result unless a new trial is granted. Plaintiff himself testified that, when he telephoned to Wahala, Mississippi, to ascertain why the draft which he had drawn on Passman, the consignee, had been returned unpaid, he was told by Passman's superintendent that he "had jumped the bonding company and skipped out". Plaintiff did not state that the said superintendent had told him that the merchandise had not been delivered, but, as we read his testimony, carefully avoided making any statement concerning delivery or non-delivery. This fact makes it appear probable that the reason for the failure to pay the draft was the default of the consignee and not the fact that the merchandise had not been delivered. Plaintiff's petition itself shows a carefully studied attempt to avoid making the statement that the merchandise had not been delivered. All that he alleges is that he has been unable to secure from the defendant proof that the delivery was made. It is true that, since defendant is a common carrier, all that Surgi was required to allege was failure to obtain proof of delivery and that the burden to show delivery was on the carrier. Smith v. Austro-American Steamship Company, 125 La. 763, 51 So. 841. But, where the plaintiff himself, suing because of non-delivery, gives evidence which justifies the suspicion that there has been a delivery, we think that substantial justice will best be done by remanding the matter so that the defendant may be given an opportunity to submit evidence.

■■■ Of course, since the passage of the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq., the action may be maintained against the initial carrier because that statute, an amendment to the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C.A. § 20(11), provides that "The provisions of section 20(11) of this title shall apply with like force and effect to receipts or bills of lading of common carriers by motor vehicle." Section 219 of the act, 49 U.S.C.A. § 319.

From the motion for new trial it appears that the delay in appearing was caused by the mistake of an employe of defendant, who, when he received citation, "was under an erroneous impression as to the length of time within which he had to refer this matter to mover's attorneys". It also appears from the motion for new trial that the matter was not referred to the said attorneys until "about 4:00 o'clock on the afternoon of March 29, 1938", which was the very day on which the judgment had already been rendered. These facts are also taken into consideration by us in connection with those already discussed and from them we conclude that defendant's failure to file appearance did not result from its attempt to unduly delay the matter.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed, and that this matter be and it is remanded to the First City Court of New Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.